**FILED**

**NOV 2 9 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NA'EEM BETZ
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

PRO SE / PLAINTIFF

v.

THE BRADFORD EXCHANGE, LTD.
9333 N. MILWAUKEE AVE.
NILES, ILLINOIS  60714

and

UNIVERSAL FIDELITY LP.
16325 WESTHEIMER RD
HOUSTON, TEXAS 77082

DEFENDANTS / RESPONDANTS

**VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED 12 JURORS**

Case: 1:16-cv-02357   Jury Demand
Assigned To : Lamberth, Royce C.
Assign. Date : 11/29/2016
Description: Pro Se Gen. Civil  (F Deck)

**COMES NOW,** the Plaintiff Naeem Betz complaining of the Defendant(s) and as follows;

## COMPLAINT

### NATURE OF ACTION

Plaintiff, Naeem Betz, individually, hereby sues Defendant(s), THE BRADFORD EXCHANGE,

LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) for violations of the Telephone

Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(A)(iii) and 47 USC § 227(c),

FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) VIOLATION OF § 806(d)(5)(d)(6)

**RECEIVED**

**NOV 2 9 2016**

Clerk, U.S. District and
Bankruptcy Courts

1

15 USC 1692 and § 807(e)(10) (e)(11) 15 U.S.C.1692, DISTRICT OF COLUMBIA DEBT LAW D.C. CODE § 28-3814(d)(2).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff Naeem Betz against Defendant(s) for violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(A)(iii) and 47 USC § 227(c), Fair Debt Collection Practices Act (FDCPA) violations of § 806(d)(5)(d)(6) and § 807(e)(10) (e)(11) 15 USC 1692 and District of Columbia Debt Law D.C. Code § 28-3814(d)(2).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant(s).  Plaintiff Naeem Betz intends to propound discovery to Defendant(s), THE BRADFORD EXCHANGE, LTD. (BRADFORD) and UNIVERSAL FIDELITY LP. (UFLP) identifying all automated telephone equipment (i.e., automatic telephone dialing systems, or (ATDS), and predictive telephone dialing systems, or PTDS) numbers used in placing or making telephone calls to consumers like Plaintiff Naeem Betz cellular telephone without prior express written consent or prior express consent.

3. Plaintiff contends that the Defendant(s) has violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt or other telephone solicitation.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. § 1692k(d) 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.  The venue is proper pursuant to 28 U.S.C. §1391b, venue in this District is proper in that the Plaintiff resides here, the Defendant(s)s transact business here, and the conduct complained of occurred here in Washington, D.C. the Federal District Capital of the United States of America.

6.  This is an action for damages which exceed seventy-five thousand.

## PARTIES

7.  Plaintiff, Naeem Betz, is a natural person and is a resident of the District of Columbia, Washington which is the Federal District Capital of the United States of America.

8.  Upon information and belief Defendant(s), UNIVERSAL FIDELITY LP. is a limited partnership corporation, authorized to do business in Washington, District of Columbia. Upon information and belief, Defendant(s) UNIVERSAL FIDELITY LP. is a "person" third-party collections limited partnership corporation, authorized to do business in Washington, District of Columbia.

9.  Upon information and belief Defendant(s), THE BRADFORD EXCHANGE, LTD. is a limited liability company or enterprise that shareholders or owners have limited responsibility for the debts and obligations of the business enterprise. The Bradford Exchange Online is the e-commerce partner of The Bradford Exchange recognized as the premier source for a vast array of unique limited-edition collectibles and fine gifts that offer an exceptionally high level of artistry, innovation and enduring value in the international collectibles market. Upon information and belief Defendant(s), THE BRADFORD EXCHANGE, LTD., is a limited liability company or enterprise authorized to do business in Washington, District of Columbia.

### LEGAL BASIS FOR THE CLAIMS

10. The Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC provides clarity on the law, sets rules, takes enforcement actions, and provides resources for consumers.



**Federal Communications Commission**

## Consumer Help Center

Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.

*"See Attached Exhibit E – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

## Know Your Rights: The Rules on Robocalls and Robotexts

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

11. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

12. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

13. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, *FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015),* available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called

advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

14. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3), (6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

16. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012).

17. **Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.**

## FACTUAL ALLEGATIONS

18. From February 15, 2016 to July 15, 2016 Defendant(s) THE BRADFORD EXCHANGE, LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) violated the TCPA, FDCPA, District of Columbia Debt Law D.C. Code § 28-3814 by calling Plaintiff(s) Naeem Betz cell phone 202-XXX-8063, fifty "50" plus times without prior express written consent or prior express consent. Plaintiff answered a few unauthorized autodialed or robocalls which had an artificial or prerecorded voice first on Monday, February 08, 2016, 11:25 AM to 11:26AM by saying, "don't call this number your do not have my *prior express written, prior express consent or verbal consent,* "and I hung the cell phone up after I made that statement. The Defendant(s) kept calling Plaintiff(s) cellular telephone using an automated dialing system (ATDS) also known as (ADAD) which stands for Automatic Dial Announcing Device.

19. Plaintiff is charged for each of the cellular telephone calls related to data plan that Plaintiff pays for every month. All of these unauthorized calls all had the same type of artificial or prerecorded voice left on Plaintiff Naeem Betz cellular telephone voicemail by saying and I quote

"We are not a telemarketing company I cannot go into the details over your answering machine due to the nature of the matter. To address this situation, your immediate attention is required. Please call us at **(281-647-4152)** before 5:30 PM central standard time". The Defendant(s) never disclosed who they were and why were they calling my wireless cellular telephone without prior express consent or prior express written consent. Also, a half of the telephone calls from the Defendant(s) that were left on Plaintiff Naeem Betz cell phone had only silence or no message left as a voicemail.

20. Plaintiff has the actual recordings of the artificial or prerecorded voice as well as the complete momentary pause ("dead air"), voicemails placed on Plaintiff(s) cellular phone by Defendant(s) using telephone number **(281-647-4152)**. Plaintiff Naeem Betz is the regular carrier and private user of the cellular telephone assigned the number ending in 8063. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. By making the telephone calls at issue in this Complaint, Defendant caused consumer Plaintiff Naeem Betz actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing cellular telephone calls.Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i). Plaintiff Naeem Betz did not provide Defendant(s) with prior express written consent or prior express consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

21. Defendant(s) Universal Fidelity LP. registered the telephone number **(281-647-4152)** under an ADAD for the State of Texas for a NEW Permit Application to Operate Automatic Dial Project #37832 for the State of Texas, Harris County. This new permit application was received by the

1  Public Utility Commission filing clerk, and officially time stamped on the date of January 10th

2  2013.

3  *"See Attached Exhibit B (CERTIFIED COPY) Texas New Permit Application to Operate*

4  *Automatic Dial Project 37832"*. The number **(281-647-4152)** is listed on page 4 of 6

6  **12. (a)** <u>On TWO identical computer disks</u>, provide the 10 digit telephone number or numbers **assigned** to each ADAD identified in **Question 11**, and the county where the ADAD is located.  The tab delimited electronic files (Notepad or Excel files <u>**ONLY**</u>) should be named ADAD A, ADAD B, ADAD C, etc. (if there are 5 or less numbers, you may provide this information  in the table provided below).  **BE SURE THE CDS ARE PROTECTED FOR MAILING TO AVOID DAMAGE.**

*(b)  Are you submitting your ADAD numbers and county locations confidentially?*

☐ Yes If yes, follow instructions on page 5 for submitting confidential information.

☒ No

| 10 DIGIT TELEPHONE NUMBER | COUNTY LOCATION |
|---|---|
| 281-647-4101 | Harris County |
| 281-647-4152 | HARRIS COUNTY |
| | |

17  on the ADAD Permit Application as well as on page 2 of 2 the affirmation page submitted to the

# Public Utility Commission of Texas - ADAD Registration

by a Mr. Jeoffre Ilagan the VP INFORMATION TECHNOLOGY.

Add Record

Action   Address Information

Company / Physical       Non Emergency

Company: UNIVERSAL FIDELITY L.P.
Contact: JEOFFRE ILAGAN
   Title: VP INFORMATION TECHNOLOGY
Address1: 1445 LANGHAM CREEK DR
Address2:
City, St
   Zip: HOUSTON  TX , 77084
Website: www.uflp.com
  Email: jeoffre.ilagan@uflp.com
   Main: (281) 647-4100                        Home:
Toll-Free:                                              Cell:
   Fax: (281) 647-4203

EDIT

CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE WITH THE PUBLIC UTILITY COMMISSION OF TEXAS CENTRAL RECORDS DIVISION

BY:

DATE: 8-19-2016

**Adad Units**

::: Add Record

| Action | Address Information |
|--------|---------------------|

Provider: Intel                          Manufacturer: Castel

Serial No: ESP4116                    FCC/ACTA Registration No: EBUZA-31207-XD-T          EDIT

**ADAD Physical Address**

Company: UNIVERSAL FIDELITY LP                    Main: (281) 647-4100
Contact:                                          Alternate:
Address1: 1445 LANGHAM CREEK DR                   Fax: (281) 647-4203
Address2:                                         Cell:
City, St Zip: HOUSTON  TX , 77450                 Home:
Website:                                          Email:

**Adad Data File Uploader**

**Affirmation**

Ready To Edit                                          9/9/2010 1:36:06 PM     EDIT

Save Section

**By submitting this report, I swear and affirm that all statements and representations submitted herein are true and correct to the best of my knowledge.**

Save a record    After Editing the sections, you MUST select the grey disk icon to complete the save record.

Show Help    Toggle the help section ON or OFF.

Comments: 281-647-4100 Harris
281-647-4101 Harris
281-647-4152 Harris

Name: Jeoffre Ilagan
Title: VP Information Technology
Affirm Date: 9/9/2010 1:36:06 PM

Registration Has Been Submitted!
PRINT THREE COPIES OF THIS FORM TO BE FILED IN CENTRAL RECORDS

22. This is the identical number **(281-647-4152)** used to call Plaintiff Naeem Betz cellular telephone number without prior express written consent or prior express consent.) ***"See Attached Exhibit A0-50 screenshots of cellular telephone call records"***. Defendant(s) UNIVERSAL FIDELITY LP., (UFLP) currently renewed there ADAD Permit No: 160019 on Date Last Renewed 4/28/2016 and Permit Approved Date: 4/28/2016 for the State of Texas. ***"See Attached Exhibit B (SELF AUTHENTICATED COPY OF ADAD PERMIT RENEWAL 4/28/2016).***

Currently (ADAD) Automatic Dial Announcing Device are banned in the District of Columbia under D.C. CODE § 34–1701. Ban on automated telephone dialing systems for commercial solicitation; definitions; prohibition; exceptions.

23. From February 08, thru, July 15, 2016, Defendant(s) UNIVERSAL FIDELITY LP., (UFLP) violated the TCPA by using automatic telephone dialing system or artificial or prerecorded voices by calling Plaintiffs Naeem Betz 202-XXX-8063, cell phone fifty "50" plus times. Plaintiff never consented by *prior express written consent* or *prior express consent to the Defendant(s) THE BRADFORD EXCHANGE, LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) to call Plaintiff Naeem Betz cellular telephone. "See Attached Exhibit A0-50" screenshots of cellular telephone call records".*

24. The Defendant(s) called Plaintiff cellular telephone from a telephone number using Southwestern Bell telecommunication services in Barker, Texas under the number *281-647- 4152* by means of automatic telephone dialing system or (ATDS) with willful or knowing non-compliance pursuant to 47 USC § 227(b)(1)(A)(iii).

*"See Attached Exhibit A0-50 screenshots of cellular telephone call records".*

25. These calls occurred on "continuous days," and on multiple occasions were several times a day. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. Defendant(s) behavior and conduct during this time while Plaintiff was recovering from medical treatments by causing continuous agitation to Plaintiff Naeem Betz medical condition. The frequency of this unauthorized cellular telephone calls has facial plausibility that Plaintiff Naeem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) is liable for their *unlawful*

conduct and behavior. Assuming the truth of Plaintiff(s) factual allegations, the Court will find all claims to be facially plausible.

26. Plaintiff initiated consumer complaints at The Better Business Bureau (BBB) and The Defendant(s) UNIVERSAL FIDELITY LP., (UFLP) admitted to calling Plaintiff(s) Naeem Betz cellular telephone when they responded in the BBB complaint thread to Plaintiff(s) Naeem Betz on Tuesday, July 26, 2016 by Linda Carlisle UFLP Client Services **"The consumer will not receive any further correspondence or calls from us regarding this matter. The number we were calling was listed as other which has been removed from system".** *"See Attached Exhibit C - (BBB) Better Business Bureau complaint thread between Plaintiff Naeem Betz and UNIVERSAL FIDELITY LP. (UFLP).* Plaintiff Naeem Betz never had an account or contract with UNIVERSAL FIDELITY LP., (UFLP) or THE BRADFORD EXCHANGE LTD. *(BRADFORD).*

27. <u>**Below is a list of the fifty "50" plus Auto-Dialed Cellular Telephone Calls placed by the Defendant(s) THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP. (UFLP).**</u>

    **0. INCOMING CALL - ANSWERED DO NOT TO CALL –**
    **1. Monday, February 08, 2016, 11:25 AM to 11:26 AM**
    **1. INCOMING CALL BACK - Monday, February 08, 2016, 11:26 AM**
**VOICEMAIL - Monday, February 08, 2016, 11:27 AM**

    **2. INCOMING CALL - Monday, February 15, 2016, 11:25 AM**

    **3.  Monday, February 15, 2016, 11:26 AM**
        **VOICEMAIL - Monday, February 15, 2016, 11:27 AM**

    **4.  Thursday, February 18, 2016, 11:05 AM**

    **5.  Thursday, February 25, 2016, 5:54 PM**
        **VOICEMAIL - Thursday, February 25, 2016, 5:57 PM**

    **6.  Wednesday, March 02, 2016 10:05 AM**

7. **Monday, March 07, 2016 11:57 AM**
   **VOICEMAIL - Monday, March 07, 2016 11:58 AM**

8. **Wednesday, March 09, 2016 11:57 AM**
   **VOICEMAIL - Wednesday, March 09, 2016 11:58 AM**

9. **Friday, March 11, 2016, 12:52 AM**
   **VOICEMAIL - Friday, March 11, 2016, 12:53 AM**

10. **Thursday, March 17, 2016, 11:17 AM**
    **VOICEMAIL - Thursday, March 18, 2016, 11:18 AM**

11. **Wednesday, March 23, 2016, 10:17 AM**
    **VOICEMAIL Wednesday, March 23, 2016, 10:18 AM**

12. **Saturday, March 26, 2016, 11:23 AM**
    **VOICEMAIL - Saturday, March 26, 2016, 11:24 AM**

13. **Wednesday, March 30, 2016, 11:14 AM**
    **VOICEMAIL Wednesday, March 30, 2016, 11:15 AM**

14. **Thursday, March 31, 2016, 5:49 - 5:50 PM**
    **VOICEMAIL - Thursday, March 31, 2016, 5:50 PM**

15. **Monday, April 04, 2016 6:08 PM**
    **VOICEMAIL- Monday, April 04, 2016, 6:08 PM**

16. **Tuesday, April 05, 2016 7:40 PM**
    **VOICEMAIL - Tuesday, April 05, 2016, 7:41 PM**

17. **Thursday, April 07, 2016 11:39 AM**
    **VOICEMAIL - Thursday, April 07, 2016, 11:39 AM**

18. **Monday, April 11, 2016, 11:33 AM**

19. **Wednesday, April 13, 2016, 10:59 AM**

20. **Thursday, April 21, 2016, 11:50 AM - 11:51 AM**

21. **Saturday, April 23, 2016, 9:57 AM**
    **VOICEMAIL - Saturday, April 23, 2016, 9:58 AM**

22. **Monday, April 25, 2016, 11:34 AM**
    **VOICEMAIL - Monday, April 25, 2016, 11:36 AM**

23. **Wednesday, April 27, 2016, 1:31 PM - 1:32 PM**

24. **Thursday, April 28, 2016, 4:31 PM**
    **VOICEMAIL - Thursday, April 28, 2016, 4:32 PM**

25. **Friday, April 29, 2016, 9:40 AM**
    **VOICEMAIL - Friday, April 29, 2016, 9:41 AM**

26. **Friday, April 29, 2016, 9:00 AM**
    **VOICEMAIL - Friday, April 29, 2016, 9:01 AM**

27. **Tuesday, May 03, 2016 11:18 AM**
    **VOICEMAIL - 26 Tuesday, May 03, 2016, 11:18 AM**

28. **Thursday, May 05, 2016 10:03 AM**
    **VOICEMAIL - Thursday, May 05, 2016, 10:04 AM**

29. **Thursday, May 12, 2016, 3:25 PM**
    **VOICEMAIL - Thursday, May 12, 2016, 3:26 PM**

30. **Monday, May 16, 2016, 4:20 PM**
    **VOICEMAIL - Monday, May 16, 2016, 4:21 PM**
31. **Wednesday, May 18, 2016, 9:50 AM**

32. **Monday, May 23, 2016, 2:45 PM**
    **VOICEMAIL- Monday, May 23, 2016, 2:46 PM**

33. **Wednesday, May 25, 2016, 10:39 AM**
    **VOICEMAIL-Wednesday, May 25, 2016, 10:40 AM**

34. **Thursday, May 26, 2016, 11:43 AM**
    **VOICEMAIL - Thursday, May 26, 2016, 11:44 AM**

35. **Tuesday, May 31, 2016, 2:50 PM**
    **VOICEMAIL - Tuesday, May 31, 2016, 2:51 PM**
36. **Wednesday, June 01, 2016 4:40 PM**
    **VOICEMAIL -  Wednesday, June 01, 2016 4:41 PM**

37. **Tuesday, June 07, 2016 10:25 AM**
    **VOICEMAIL - Tuesday, June 07, 2016 10:26 AM**

38. **Wednesday, June 08, 2016 12:32 PM**
    **VOICEMAIL - Wednesday, June 08, 2016 12:33 PM**

39. **Friday, June 10, 2016, 9:39 AM**
   **VOICEMAIL - Friday, June 10, 2016, 9:40 AM**

40. **Wednesday, June 15, 2016, 9:18 AM - 9:19 AM**
   **VOICEMAIL - Wednesday, June 15, 2016, 9:20 AM**

41. **Monday, June 20, 2016, 11:06 AM**
   **VOICEMAIL - Monday, June 20, 2016, 11:07 AM**

42. **Wednesday, June 22, 2016, 2:16 PM**
   **VOICEMAIL - Wednesday, June 22, 2016, 2:17 PM**

43. **Thursday, June 23, 2016, 12:13 PM**
   **VOICEMAIL - Thursday, June 23, 2016, 12:14 PM**

44. **Friday, June 24, 2016, 9:59 AM**
   **VOICEMAIL - Friday, June 24, 2016, 10:00 AM**

45. **Saturday, June 25, 2016 10:32 AM**
   **VOICEMAIL - Saturday, June 25, 2016 10:32 AM**

46. **Monday, June 27, 2016, 11:30 AM**
   **VOICEMAIL - Monday, June 27, 2016, 11:30 - 11:31 AM**

47. **Wednesday, June 29, 2016, 9:51 AM**
   **VOICEMAIL - June 29, 2016, 9:52 AM**

48. **Thursday, June 30, 2016, 10:04 AM**
   **VOICEMAIL - June 30, 2016, 10:04 AM**

49. **JULY 8, 2016 9:16 AM**
   **VOICEMAIL - JULY 8, 2016 9:16 AM**

50. **JULY 15, 2016 9:17 AM**

**COUNT I**
**VIOLATIONS OF**
**<u>THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 (b)(1)(A)(iii)</u>**

28.  Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

29.  Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC §

227(b)(1)(A)(iii) by using an automatic telephone dialing system to call the Plaintiff's number,

which is assigned to a cellular telephone service. *"See Attached Exhibit A0-50 screenshots of cellular telephone call records."*. *"See Attached Exhibit B (CERTIFIED COPY) Texas New Permit Application to Operate Automatic Dial Project 37832"*. *"See Attached Exhibit D - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012."*

30. Defendant(s) has committed fifty "50" separate violations of 47 USC § 227(b)(1)(A)(iii) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

31. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) all warranted fifty "50" plus calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

32. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff Naeem Betz has never consented in writing or verbally to Defendant(s) THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) by express written consent to call Plaintiff cellular phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. §227.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by continuing to call Plaintiff cellular telephone phone fifty "50" times plus *by*

*automatic telephone dialing systems, or (ATDS) with a total disregard of law and in violation of*

*47 U.S.C. §227.*  ). The acts and practices alleged in Paragraphs 1-27 constitute violations

of section 47 U.S.C. § 227(b)(1)(A)(iii).

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C.§227(c) FOR CALLS PLACED TO NUMBERS LISTED**
**ON**
**THE DO NOT CALL REGISTRY**

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

35. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC §

227(c)(5) by calling Plaintiff Naeem Betz wireless telephone number 202-XXX-8063 that has

been placed on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff's number,

which is assigned to a cellular telephone service. *"See Attached Exhibit A0-50 screenshots of*

*cellular telephone call records.". "See Attached Exhibit B (CERTIFIED COPY) Texas New*

*Permit Application to Operate Automatic Dial Project 37832". "See Attached Exhibit D - The*

*email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to*

*Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call*

*Registry on a number ending in 8063 on April 22, 2012."*

36. Consumers who do not want to receive telemarketing calls may indicate

their preference by registering their telephone numbers on the National Do Not Call Registry. See

47 C.F.R. § 64.1200(c)(2). According to the FTC, the Registry, which was established in 2003,

currently has over 223 million active registrations. A listing on the Registry must be

honored indefinitely, or until the registration is canceled by the consumer or the telephone number

is removed by the database administrator. Id. Because a telephone subscriber listed on the Registry

must take an affirmative step to register his or her number, a telemarketer who wishes to call a

person listed on the Registry must take a similarly affirmative step, and must obtain the

registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

37. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

38. Each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

39. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

40. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC

reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

41. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the FCC - National Do Not Call Registry.

42. Defendant(s) has committed fifty "50" separate violations of 47 USC § 227(c) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-27 constitute violations of section 47 U.S.C. § 227(c)(5).

**COUNT III**
**FAIR DEBT COLLECTIONS PRACTICES ACT**
**VIOLATION OF § 806 (d)(5)(d)(6) 15 USC 1692 HARASSMENT OR ABUSE**

43. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

44. The term "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt." 45. The term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes,

1  whether or not such obligation has been reduced to judgment."

2  46. The term "debt collector" as defined in Section 803(6) of the FDCPA, 15

3
   U.S.C. § 1692a(6), includes any person who "regularly collects or attempts to collect,
4
   directly or indirectly, debts owed or due or asserted to be owed or due another." It does
5
6  not include a person collecting debts that were not in default at the time that the person

7  obtained them. 15 U.S.C. § 1692a(6)(F)(iii).

8  47. Defendant(s) has demonstrated willful or knowing non-compliance with

9   15 USC 1692 Section 806(d)(5)(d)(6) of the FDCPA, prohibits debt collectors
10
   from engaging in any conduct the natural consequence of which is to harass, oppress, or
11
12  abuse any person in connection with the collection of a debt. Section 806(d)(5)(d)(6) prohibits

13  debt collectors from causing a telephone to ring or engaging any person in telephone

14  conversation repeatedly or continuously with intent to annoy, abuse, or harass any person

15  at the called number.

16  48. In numerous instances in connection with the collection of debts or alleged debts,
17
   THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP.,
18
19  (UFLP) directly engaged in conduct the natural consequence of which is to harass, oppress, or

20  abuse persons by causing Consumer Plaintiff Naeem Betz cellular telephone to ring a total fifty

21  "50" plus times without prior express consent or prior express written consent. *"See Attached*
22
   *Exhibit A0-50 screenshots of cellular telephone call records".*
23
24  49. The acts and practices alleged in Paragraphs 1-27 constitute violations

25  of Section 806 of the FDCPA, 15 U.S.C. § 1692(d)(5)(d)(6).

26

27

28

## COUNT IV
### FAIR DEBT COLLECTIONS PRACTICES ACT VIOLATION OF § 807(e)(10) (e)(11)
### 15 USC 1692
### <u>FALSE OR MISLEADING REPRESENTATIONS</u>

50. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

51. The term "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt." 52. The term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."

53. The term "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6), includes any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." It does not include a person collecting debts that were not in default at the time that the person obtained them. 15 U.S.C. § 1692a(6)(F)(iii).

54. Defendant(s) has demonstrated willful or knowing non-compliance with 15 U.S.C. 1692 Section 807e(10) e(11) of the FDCPA, prohibits debt collectors from; Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity. Defendant failed to disclose in the telephone messages that it is a debt collector and that "this is an attempt to collect a debt" in violation of Section 807 15 U.S.C. §1692 e(10) e(11).

*See: Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Begin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006).*

55. Defendant(s) in connection with the collection of debts or alleged debts, THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6). Defendant failed to disclose in the telephone messages that it is a debt collector and that "this is an attempt to collect a debt" in violation of Section 807 15 U.S.C. §1692 e(10) e(11). See: Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp.2d 1104 (S.D.Cal. 2005). ***"See Attached Exhibit A0 -50 screenshots of cellular telephone call records".***

56. The acts and practices alleged in Paragraphs 1-27 constitute violations 15 U.S.C. § 1692 Section 807e(10) e(11) of the FDCPA.

### COUNT V
### VIOLATION OF DISTRICT OF COLUMBIA DEBT COLLECTION LAW (D.C.DCL)
#### D.C. Code § 28-3814 (d) D.C. Code § 28-3814 (d)(2)

57. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

58. The District of Columbia Debt Collection Law (hereinafter D.C.DCL) enforces consumer rights against creditors and debt collectors. D.C. Code § 28-3814 et seq.

(1A) "creditor" means a claimant or other person holding a claim;

(2) "debt collection" means any action, conduct or practice in connection with the solicitation of claims for collection or in connection with the collection of claims, that are owed or due, or are alleged to be owed or due, a seller or lender by a consumer; and

(3) "debt collector" means any person engaging directly or indirectly in debt collection, and includes any person who sells or offers to sell forms represented to be a collection system, device, or scheme intended or calculated to be used to collect claims.

59. It is to be construed and applied liberally to promote its purpose. D.C. Code §28-3814 prohibits harassing communications, disclosure of the alleged debt to third parties, threats of violence or harm, obscene or profane language, and misleading or deceptive tactics.

60. Plaintiff(s) Naeem Betz has a "claim" as defined by D.C. Code § 28-3814 (b) (1). UNIVERSAL FIDELITY LP., (UFLP) is a "Debt Collector" because it directly engaged in debt collection as defined by D.C. Code § 28-3814(b)(3). THE BRADFORD EXCHANGE LTD. (BRADFORD) is a "creditor" means a claimant or other person holding a claim; as defined by D.C. Code § 28-3814 (1A).

61. D.C. Code § 28-3814 (d) No creditor or debt collector shall unreasonably oppress, harass, or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another in any of the following ways:

62. D.C. Code § 28-3814 (2) the placement of telephone calls without disclosure of the caller's identity or with the intent to harass or threaten any person at the called number; and Defendant(s) THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP., (UFLP) willfully placed several "50" plus cellular telephone calls without disclosure of the caller's identity and with the intent to harass Consumer Plaintiff(s) Naeem Betz. These cellular telephone calls were unauthorized and without any prior express written or prior express consent. Plaintiff(s) answered some of those calls by saying, "don't call this number your do not have my *prior express written, prior express consent or verbal consent,* "and I hung the cell phone up after I made that statement first on Monday, February 08, 2016, 11:25 AM to 11:26

AM and numerous other times.

63. The computerized auto response or came on during each of these calls answered and also when Plaintiff(s) dialed the number back. Defendant(s) has committed numerous separate "50" plus violations of § 28-3814 (d)(2).

64. Plaintiff(s) is entitled to damages and or punitive per violation pursuant to D.C. Code § 28-3814 (j)(1)(2). Defendant(s) has demonstrated willful or knowing non-compliance with D.C. Code § 28-3814 (j)(1)(2) by proof, by substantial evidence, the Defendant(s) harassed Plaintiff(s) Naeem Betz by causing his cellular telephone to ring numerous times over several days. The Defendant(s) did not disclose their identity while placing these unwarranted cellular telephone calls only displaying their telephone number while willfully blocking or omitting their company name during these multiple calls over several days / months. Defendant failed to disclose in the telephone messages that it is a debt collector and that "this is an attempt to collect a debt" in violation of D.C. Code § 28-3814 (d)(2).

65. The only reason why the Defendant(s) company name is displayed with their number **(281-647-4152)** is due to the fact that Plaintiff Naeem Betz performed a reverse number search and saved the Defendant(s) company name with their number in his cellular telephone contact list.

66. The acts and practices alleged in Paragraphs 1-27 constitute violations D.C. Code § 28-3814 (d) (2).

67. **WHEREFORE,** Plaintiff, demands judgment for monetary damages against the Defendant(s) THE BRADFORD EXCHANGE LTD. (BRADFORD) and UNIVERSAL FIDELITY LP. (UFLP) 10 million dollars for actual or statutory damages, and punitive damages, attorney,'s fees and costs.

[2] The TCPA does not expressly authorize recovery of attorneys' fees. However, a party may be entitled to attorneys' fees as equitable relief. Summit Valley Indus. v. Local 112, United Bhd. of Carpenters & Joiners, 456 U.S. 717 (1982). Accordingly, Plaintiffs intend to seek attorneys' fees in equity if they prevail on the merits at trial.

68. **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by a jury of all issues so triable as a matter of law. Respectfully submitted this 28th day of November 2016.

NAEEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

NAEEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

**(DISTRICT OF COLUMBIA)**

Plaintiff, Naeem Betz, states as follows:

I am the Plaintiff in this federal civil proceeding.

I believe that this Civil Federal Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

I believe that this Civil Federal Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a the needless increase in the cost of litigation to any Defendant(s), named in the

Complaint. I have filed this Civil Federal Complaint in good faith and solely for the purposes outlined in it. Each and every exhibit I have provided which has been attached to This Civil Federal Complaint is a genuine and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff Naeem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: __November 28, 2016__

Naeem Betz
Consumer, Plaintiff
ALL RIGHTS RESERVED

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, I filed the foregoing overnight mailed by (UPS) United States Postal service delivered to The District of Columbia Clerk of Court, the CM/ECF System which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by service of process, United States Marshall Service, United Postal States, Fed Ex, United States Postal Service Certified Mail or Priority Mail, postage prepaid as a courtesy, on the following:

I certify that a copy of the Summons and Complaint will be served upon the defendant party and or registered agent below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

UNIVERSAL FIDELITY LP.
(UNIVERSAL FIDELITY)
16325 WESTHEIMER RD
HOUSTON, TX 77082

Registered Agent
IN CARE OF: UNIVERSAL FIDELITY LP., (UNIVERSAL FIDELITY)
CORPORATION SERVICE COMPANY
1090 VERMONT AVE. NW
WASHINGTON, DISTRICT OF COLUMBIA - 20005


THE BRADFORD EXCHANGE, LTD.
9333 N. MILWAUKEE AVE.
NILES, ILLINOIS  60714

X _____
Consumer, Plaintiff Na'eem Betz
ALL RIGHTS RESERVED

Dated: November 28th, 2016